PuARSON, C. J.
 

 The jurisdiction of the Court of Equity to prevent the enforcement of penalties on payment of the damages sustained by reason of a breach of the condition, was so obviously necessary to the ends of justice, that, in most cases, ■ relief is now given at law, by statutes, which require the plaintiff to suggest breaches, and provides for the ascertain
 
 *319
 
 ment of the damages, whereupon judgment is to be entered for the penalty, but the execution, which may issue thereon, is to be satisfied by the payment of the damages assessed, together with the costs.
 

 The plaintiff insists, that by a proper construction of the judgment, and the covenant referred to, the sum of $500 is a penalty to be discharged upon the performance of the condition set forth in the covenant, to wit: that the plaintiff shall, in twelve months make for the defendant 250,000 shingles two feet and thirty inch shingles at the price of $2 per thousand, for the two feet, $3 per thousand for the thirty inch shingles, alleges a part performance of the condition, and submits to pay the damages sustained by the defendant, by reason of his failure,, in respect to the number of the shingles which he has failed to make, and prays that the defendant may be enjoined from enforcing the collection of the $500.
 

 The defendant insists that the $500 is not a penalty, but liquidated damages and claims the right (the plaintiff having failed to discharge the judgment in the manner by which he was allowed to do it, under the covenant) to enforce its collection, subject to a credit for the shingles got by the plaintiff, which the defendant admits he is bound to pay for at the agreed prices, and on his part claims a deduction for certain credits;
 

 The question is one of construction, and it seems to us a Very plain one. The judgment, on its face, is to be discharged upon the
 
 ‘performance of the condition
 
 set forth in the written agreement between them. That is, the judgment is to be void, provided the plaintiff makes for the defendant 250,000 shingles at the prices agreed on. So it is neither more nor less than a penalty, by which to enforce the performance of an' agreement, on the part of the plaintiff, to make for the defendant a certain number of shingles at certain prices for the several descriptions. Had the $500, for which the judgment is entered, been liquidated damages, that is, an amount which it was agreed the plaintiff,
 
 owed
 
 the defendant, but which he was Willing to allow the plaintiff to pay in shingles, it
 
 *320
 
 would have been set out in the covenant and judgment, that the $500 was to be paid in shingles, to be got on the defendant’s land, for which the plaintiff was to be allowed certain prices per thousand. This is not the language used, and itis perfectly certain that the shingles were to be
 
 paid for
 
 by the defendant, and were not to be
 
 accepted,
 
 by him in payment of the judgment. Indeed, the defendant admits by his answer, that he “ is bound to pay the plaintiff forthe shingles got, at the agreed prices.” The fact of his being bound to pay for 'the shingles got, is wholly inconsistent with the suggestion, that the plaintiff was indebted to him to the amount of $500 ; for if so, of course the shingles ought to be applied in payment of the debt, whereas, from the face of the judgment and of the covenant, and by the admission of the defendant, he was to pay for the shingles, and they were not to go in payment of the judgment j in other words, the judgment was to be held
 
 in terroremyra
 
 order to force the plaintiff to make for the defendant 250,000 shingles, for which, when made, the defendant was to pay the plaintiff the prices agreed on.
 

 The mode of argument
 
 redwatio ad,
 
 absurdwm,, will demonstrate, by figures, that the $500 was not a debt to be paid by 250,000 shingles, of the two descriptions, at the prices .fixed on:
 

 250,000 at $2 per thousand, is- $500
 

 250,000 at $3 per thousand, is 750
 

 125,000 at $2 per thousand, is $250'
 

 125,000 at $8 per thousand, is 375-625
 

 166,000 at $3 per thousand, is 500
 

 So the matter cannot be worked out by figures, unless all the shingles are of one description, that is, two feet, leaving no room for a single thirty inch shingle.
 

 We are satisfied that the $500 was a penalty, and the judgment was taken as a security for the making of an agreed number of shingles at the prices agreed on for the several descriptions.
 

 The plaintiff having failed to perform the conditions, be- • came liable, at law, for the penalty, but is entitled in equity
 
 *321
 
 6o be relieved of the penalty by making satisfaction for the damages, which the defendant has sustained, by reason of the breach of the condition.
 

 There will be a decree acccordingly, and a reference to ascertain the amount of damages, allowing the plaintiff for the number of shingles got, and for his labor in 11 boating the shingles,” if that allegation is proved, and allowing the defendant for the payments alleged to have been made to the hands of the plaintiff for the work done by them upon, and in respect to the shingles, but no item of charge or discharge, which did not grow out of, and concern the making of the shingles, will be taken into the account.
 

 The motion to dissolve the injunction, on the ground, that it was improvidently granted, not having been appealed from within the time prescribed by the statute, is not allowed, for the case is now before us on the final hearing, being set for hearing on the “ bill and answer” in the Court below, and removed to this Court for hearing, no disposition having been, made of the motion to dissolve the injunction, the reasoning <ff the Court in
 
 Smith
 
 v. McLeod, 3 Ire. Eq. 400, applies with full force; for, although that case had reference to the provisions of the Eevised Statutes, and this depends upon the Eev. Code, yet, here is the fact, we decree for the plaintiff “ on the equity, confessed by the answer,” and make the injunction perpetual, except as to the damages. So, of course, the motion to dissolve, on the ground, that the injunction was. improvidently granted, in the first instance, is out of time.
 

 This view makes it unnecessary to express an opinion on the point as to whether the fiat, made by the Judge below on the averments of the bill, was not a matter of discretion, and, £>f course, not the subject of review.
 

 Pee OueiaM, Eeference ordered.